# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant CORY J. ORCUTT**
**United States Army, Appellant**

ARMY 20120325

Headquarters, XVIII Airborne Corps and Fort Bragg
G. Bret Batdorff, Military Judge
Colonel Paul S. Wilson, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain Aaron R. Inkenbrandt (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA (on brief).

20 December 2012

--------------------------------
SUMMARY DISPOSITION
--------------------------------

KRAUSS, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of attempted violation of a lawful general regulation, one specification of absence from place of duty, three specifications of failure to go to appointed place of duty, and one specification of failure to obey a lawful general regulation, in violation of Articles 80, 86, and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 886, 892 (2006) [hereinafter UCMJ].[*]  The military judge sentenced appellant to a bad-conduct discharge, confinement for five months, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged, and credited appellant with eighty-one days of pretrial confinement credit and illegal pretrial punishment credit against the sentence to confinement.

---

[*] Appellant was acquitted of three specifications of failure to go to appointed place of duty, one specification of disobeying a superior commissioned officer, and two specifications of failure to obey a lawful order.

ORCUTT—ARMY 20120325

This case is before the court for review under Article 66, UCMJ. Appellant submitted his case upon its merit and personally raised two matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which merits brief discussion and relief.

We agree with appellant that a substantial basis in law and fact exists to reject his plea to Charge IV and its Specification in light of his admission to possession of a controlled substance while the regulation that served as the basis for Charge IV concerned possession of certain non-controlled substances only. Appellant's admission to possession of "bath salts" that were indeed a form of methamphetamine controlled by law at the time was not the proper subject of a guilty plea to violation of an installation policy letter that regulated possession of non-controlled "bath salts" available off the shelf of legitimate businesses. Because appellant's factual admissions, in essence, therefore, contradict the plea, disapproval of the finding based on that plea is warranted. UCMJ art. 45; *see United States v. Hayes*, 70 M.J. 454, 458 (C.A.A.F. 2012) (stating that "[i]f an accused sets up matter inconsistent with the plea at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea.") (quoting *United States v. Phillippe*, 63 M.J. 307, 309 (C.A.A.F. 2006)); *see generally United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008).

Despite disapproval of this finding of guilty, we are confident that under the circumstances of this case, we can reassess the sentence rather than return the matter for a rehearing. *See United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

On consideration of the entire record and those matters raised by appellant pursuant to *Grostefon*, we disapprove the findings of guilty as to Charge IV and its Specification. We find the remaining findings of guilty correct in law and fact. Accordingly, Charge IV and its Specification are dismissed; the remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

Senior Judge YOB and Judge BURTON concur.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court

2